and the judgment was affirmed (101 N. Y. Supp. 100). The parties have had their day in court, and the judgment is conclusive as between them. Mr. Justice McLaughlin, in Ward v. Sire, 52 App. Div. 443, 445, 65 N. Y. Supp. 101, 102, said:

"A judgment of a court of competent jurisdiction is final and conclusive so long as it remains in force between the parties as to all questions actually determined, as well as those necessarily connected with the subject-matter of the litigation, either as matter of claim or defense."

And it has repeatedly been held that the court at Special Term has no power to correct a judgment in a material particular after an appeal from the judgment has been heard and determined. Meldon v. Devlin, 39 App. Div. 582, 57 N. Y. Supp. 670; Swan v. Mut. Reserve F. L. A., 22 Misc. Rep. 256, 258, 50 N. Y. Supp. 46.

But it is urged that the court may direct that the judgment be satisfied by payment of a less sum than that recovered. This is not a case where a part payment has been made after entry of a judgment and in satisfaction thereof. The payments (which are not conceded) would, if proof had been made of them at the time of the trial, have presented a question of fact, which might then have been met, and would have raised questions of law which the defendants have avoided by withholding such proof. They may not be permitted to take advantage of the right to limit the questions before the court at the trial, and now, without incurring the risk to which proof of part payment would have subjected them, to reduce the amount of the verdict. To compel a satisfaction for a less sum than the face of the judgment would in effect be a modification of the judgment.

Motion denied, with $10 costs.

---

(53 Misc. Rep. 243.)

## In re GILLROY.

(Surrogate's Court, New York County. February, 1907.)

TRUSTS—LIABILITY OF TRUSTEES—EXPENSES OF ACTION.

A trustee is not liable to his beneficiaries because of an adverse decision in an action brought by him in the interest of the estate, unless it is shown by competent evidence that he suffered defeat by his own fraud or gross negligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 324.]

In the matter of the judicial settlement of the accounts of James Gillroy, as trustee of John Gillroy, deceased. Decree rendered.

D. E. & J. F. Lynch, for trustee.
Campora & Thiery, for legatees.
Wessels Ryerson, special guardian.

THOMAS, S. A trustee does not become liable to his beneficiaries merely because an adverse decision is rendered against him in an action brought by him in the interest of the estate, but only when it is shown by competent evidence that he has suffered such defeat by his own fraud, collusion, or gross negligence. The judgment in the Supreme Court action was obtained because the defendant in that action

was believed by the referee in opposition to the oath of the trustee as to an alleged statement of an account. The judgment thus rendered is not binding as an estoppel between the trustee and his beneficiaries on an issue as to his good faith in his dealings as trustee, and the testimony given against him in that action is, for the purposes of the present proceeding, mere hearsay.

The objection as to the $401 item is overruled. Decreed accordingly.